NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 26 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JONATHAN D. COBB, Sr., <br><br> Plaintiff - Appellant, <br><br> v. <br><br> JPMORGAN CHASE BANK NA; et al., <br><br> Defendants - Appellees. | No. 12-17613 <br><br> D.C. No. 3:12-cv-01372-JSW <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted February 17, 2015[**]

Before:  O'SCANNLAIN, LEAVY, and FERNANDEZ, Circuit Judges.

Jonathan D. Cobb, Sr., appeals pro se from the district court's judgment

dismissing his action alleging violations of California state law and the Racketeer

Influenced and Corrupt Organizations Act ("RICO").  We have jurisdiction under

28 U.S.C. § 1291.  We review de novo the district court's dismissal under Federal

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Rule of Civil Procedure 12(b)(6), *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), and we affirm.

The district court properly dismissed Cobb's claims against the federal court defendants because they are entitled to quasi-judicial immunity. *See Mullis v. U.S. Bankr. Court*, 828 F.2d 1385, 1390 (9th Cir. 1987) ("Court clerks have absolute quasi-judicial immunity from damages . . . when they perform tasks that are an integral part of the judicial process" unless they acted "in the clear absence of all jurisdiction."); *see also Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986) (en banc) ("[A]llegations that a conspiracy produced a certain decision should no more pierce the actor's immunity than allegations of bad faith, personal interest or outright malevolence.").

We reject Cobb's contention that the court erred by dismissing the action without first holding an evidentiary hearing as to whether the federal court defendants acted within the scope of their employment.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

The federal court defendants' request for judicial notice, filed on April 29,

2013, is denied as unnecessary.

**AFFIRMED.**